# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PACE CONSTRUCTION CO., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:16-cv-00455-JCH |
| MCKINNEY DRILLING COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant McKinney Drilling Company's ("McKinney") Motion to Transfer. (ECF No. 7.) The Motion has been fully briefed and is ready for disposition.

## BACKGROUND

Plaintiff Pace Construction Company ("Pace") and McKinney entered into a Subcontract related to the performance of a project for the Arkansas Highway and Transportation Department ("AHTD"). (ECF No. 1.1.) The Parties agreed to the inclusion of a forum selection clause, which provides, "The parties consent and agree to the jurisdiction of the Circuit Court of St. Louis County, Missouri as to all matters pertaining to this Subcontract." *Id.* at 7. As relevant, in connection with the Subcontract Pace procured a Payment Bond from Liberty Mutual Insurance Company ("Liberty Mutual"). (ECF No. 7.1.)

On February 4, 2016, Pace filed the instant suit against McKinney, alleging that McKinney had breached its obligations under the Subcontract and that Pace had suffered damages as a result. (ECF No. 1.1 at 2-3.) On March 1, 2016, McKinney filed suit for breach of the Payment Bond against Liberty Mutual (hereinafter, the "Payment Bond Action"). The

Payment Bond Action is currently pending in the Western District of Arkansas. *See McKinney Drilling Co. v. Liberty Mutual Insur. Co.*, 5:16-cv-05078-PKH (W.D. Ark. Apr. 7, 2016). As mentioned above, McKinney now moves to transfer this matter. (ECF No. 7.)

## **DISCUSSION**

McKinney moves to transfer this matter to the Western District of Arkansas, pursuant to 28 U.S.C. § 1404(a), which provides that, "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The Eighth Circuit has declined to provide an exhaustive list of factors to consider in evaluating a request for a transfer, but has instructed district courts to weigh any case-specific factors relevant to the convenience and fairness to determine whether transfer is warranted. *See In re Apple, Inc.*, 602 F.3d 909, 912 (8th Cir. 2010) (per curiam).

The factors relevant to convenience include (1) the convenience of the parties; (2) the convenience of the witnesses, including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony; (3) access to records and documents; (4) the location where the conduct complained of occurred; and (5) the applicability of each forum state's substantive law. *See Terra Int'l v. Mississippi Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997). Factors relevant to fairness or the interest of justice include (1) judicial economy, (2) the plaintiff's choice of forum, (3) the comparative costs to the parties of litigating in each forum, (4) each party's ability to enforce a judgment, (5) obstacles to a fair trial, (6) conflict of law issues, and (7) the advantages of having a local court determine questions of local law. *See Id.* "In general, federal courts give considerable deference to a plaintiff's choice of

forum and thus the party seeking a transfer under section 1404(a) typically bears the burden of proving that a transfer is warranted." *Id.* at 695 (citation omitted).

McKinney contends that this matter should be transferred so that it may be consolidated with the Payment Bond Action, which McKinney alleges involves the same facts and claims and cannot be transferred outside of Arkansas. (ECF Nos. 7, 8.) McKinney further asserts that the statutory factors generally considered under section 1404(a) favor transfer. Specifically, McKinney argues that almost all of its witnesses are located in Memphis, and that "all third party witnesses are located in Arkansas—most significantly, representatives of…AHTD," who cannot be subpoenaed to testify in the Eastern District of Missouri. (ECF No. 8 at 6-7.) McKinney also argues that its records are located in Memphis, and that "AHTD's records are presumably located in Arkansas." *Id.* at 7. Finally, McKinney argues that transfer is appropriate because the complained of conduct occurred in Arkansas, and because Arkansas law will apply. *Id.* at 7-8.

Pace counters that a transfer to the Western District of Arkansas would require rejection of a valid forum selection clause, and notes that Liberty Mutual has moved to stay the Payment Bond Action pending resolution of this matter. Pace also argues that the convenience of the witnesses weighs against transfer because Pace's witnesses are located in St. Louis and West Plains, Missouri, and because, contrary to McKinney's assertions, St. Louis is in fact more convenient for witnesses located in Memphis. Pace further contends that all of its documents and records are located in St. Louis, and that shifting the inconvenience from one party to the other is not a permissible justification for change of venue. (ECF No. 9.)

As an initial matter, Defendants do not dispute the validity of the forum selection clause, and the Court finds the clause permissive, rather than mandatory. *Cf. Dunne v. Libbra*, 330 F.3d 1062, 1063-64 (8th Cir. 2003) (finding permissive clause that stated: "[t]his agreement shall be

3

governed by and construed and enforced in accordance with the laws of the State of Illinois, and the parties consent to jurisdiction [in] the state courts of the State of Illinois").

Upon consideration of the relevant statutory factors and the Parties' arguments, the Court concludes that McKinney has failed to meet its burden of proving that a transfer is warranted. Although McKinney specifically identifies as non-party witnesses two AHTD employees who are located in Arkansas, McKinney fails to indicate what the testimony of these employees will entail. *See Hall v. Holmes Grp., Inc.*, No. 4:05CV2052 HEA, 2006 WL 148742, at *3 (E.D. Mo. Jan. 18, 2006) (merely supplying list of witnesses is insufficient without particularity; party seeking transfer must specify clearly key witnesses to be called and indicate what their testimony will entail); *see also Discovery Pier Land Holdings, LLC v. Visioneering Envision.Design. Build, Inc.*, No. 4:14-CV-2073 (CEJ), 2015 WL 1526005, at *4 (E.D. Mo. Apr. 2, 2015) (convenience of witnesses analysis "hinges on the importance of their testimony").

In view of the foregoing, and giving the convenience of the other witnesses and the forum selection clause considerable weight, the Court concludes that the section 1404(a) factors weigh against transfer and in favor of maintaining jurisdiction in this Court. *See Hall*, 2006 WL 148742, at *3 ("The Court may not disturb a plaintiff's choice of forum unless a balance of relative considerations tips strongly toward the defendant"; convenience of witnesses is primary, if not most important, factor in considering motion under § 1404(a)); *see also Perficient, Inc. v. Priore*, No. 4:16 CV 249 CDP, 2016 WL 866090, at * 4 (E.D. Mo. Mar. 7, 2016) ("permissive forum selection clause is given less, though still significant, weight than a mandatory one"; "even though permissive, [forum selection clause] is determinative in the analysis of…the convenience of the parties…and weighs against transfer"); *Discovery Pier*, 2015 WL 1526005, at *3 (forum selection clause is determinative of convenience of parties; "[t]he fact that the parties

initially accepted the jurisdiction of a particular court must count"). Therefore, the Court will deny Defendant's Motion.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Transfer (ECF No. 7) is **DENIED**.

Dated this 5th day of May, 2016.

                                              /s/ Jean C. Hamilton
                                              JEAN C. HAMILTON
                                              UNITED STATES DISTRICT JUDGE